(Not for publication)                                                                                          Docket Entry No. 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____    :
                                       :
DALE FRESE,                            :
                                       :
           Plaintiff,                  :    Civil No. 05-1741 (RBK)
                                       :
     v.                                :    **OPINION**
                                       :
UNITED STATES OF AMERICA,              :
                                       :
           Defendant.                  :
_____    :

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by the Defendant to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In his Complaint, the pro se Plaintiff contends that the Internal Revenue Service ("IRS") issued an invalid Notice of Determination upholding the IRS' intent to levy the Plaintiff's property to collect unpaid frivolous return penalties. Specifically, Plaintiff alleges that the IRS illegally issued the Notice of Determination because the IRS Appeals Office never provided Plaintiff with a collection due process ("CDP") hearing. For the reasons discussed below, the Court will grant the Defendant's motion to dismiss.

I. BACKGROUND

For the 2000 and 2001 tax years, Plaintiff Dale Frese filed tax returns reporting that he had earned zero dollars in wages, when in fact, he had earned more than $40,000 in wages each year. (Compl. Ex. F). On April 30, 2003 and July 18, 2003, the IRS sent Frese notices of a deficiency in his income tax for the 2000 and 2001 tax years. (Notices of Deficiency, attached to Compl. at Ex. F.) The deficiency notices informed him of his right to file a petition within ninety days with the United States Tax Court for a re-determination of the tax owed. However, Frese did not file a timely petition with the United States Tax Court for a redetermination of his income tax liability. (See 1/4/05 Letter from Bramble, attached to Compl. at Ex. F.)

On August 17, 2004, the IRS sent Frese a Notice of Intent to Levy to collect tax liabilities for 2000 and 2001, in addition to civil penalties. (See Notice of Intent to Levy, attached to Compl. at Ex. C.) The notice informed Frese that the IRS intended to levy his property to receive the monies owed unless he requested a CDP hearing before an Appeals Officer within thirty days.

On September 7, 2004, Frese timely filed a request for a CDP hearing pursuant to 26 U.S.C. § 6330(b). (Request for CDP Hearing, attached to Compl. at Ex. C.) In his request, Plaintiff asked that the IRS provide him with certain documents, including (1) the name, oath of office, and pocket commission of the individual who signed the deficiency notice, (2) the delegation order from the Secretary of the Treasury authorizing the signing and issuance of the notice, (3) the name, job description, oath of office, pocket

commission, and authorization order for all individuals responsible for imposing the frivolous return penalties, (4) the written approval of the imposed penalty provided by the immediate supervisor of the individual who signed the penalty notice, (5) a copy of the IRS regulation that imposes the frivolous return penalties and the regulation that requires the taxpayer to pay them, (6) a copy of the verification from the Secretary of the Treasury confirming that the requirements of the law and administrative procedure have been met, (7) the specific code section which makes Frese liable for the underlying income tax at issue, and (8) documented proof that the Notice of Deficiency had been sent to Frese. (Request for CDP Hearing, attached to Compl. at Ex. C.)  In addition, Frese warned the IRS that it would be expected to "hew to the law" at his CDP hearing in accordance with 26 C.F.R. 601.106(f).  Frese also warned that he intended to make an audio recording of the CDP hearing and he further requested that the IRS hold the CDP hearing at the Appeals Office nearest to his home. (Request for CDP Hearing, attached to Compl. at Ex. C.)

In a letter dated December 3, 2004, Appeals Officer Daniel Bramble informed Frese that the arguments set forth in his request were frivolous or groundless, or items the Appeals Office does not consider because they are based on moral, religious, political, constitutional, conscientious, or similar grounds.  (12/3/04 Letter from Bramble, attached to Compl. at Ex. D.)  Bramble told Frese that he could discuss any *relevant* challenges to the proposed levy via telephone or written correspondence, and further, that Bramble had scheduled a telephone conference for December 29, 2004 to discuss any such issues.

(12/3/04 Letter from Bramble, attached to Compl. at Ex. D.)  If Frese wished to have a face-to-face conference, however, he would have to write to Bramble within fifteen days and describe the legitimate issues he wished to discuss, such as other collection alternatives.  (12/3/04 Letter from Bramble, attached to Compl. as Ex. D.)  Bramble also warned Frese that if he did not hear from Frese prior to the scheduled phone conference on December 29, 2004, Bramble would issue the required determination letter based on the information in Frese's file. (12/3/04 Letter from Bramble, attached to Compl. at Ex. D.)

In a letter dated December 9, 2004, Frese responded that he intended to discuss collection alternatives at his hearing by presenting an offer in compromise; however, Frese did not provide any details regarding such an offer.  (12/9/04 Letter from Frese, attached to Compl. at Ex. E.)  Frese also asserted that he had a right to a face-to-face hearing and he requested that Bramble recuse himself from Frese's case because he was not an impartial officer. (12/9/04 Letter from Frese, attached to Compl. at Ex. E.)  The telephone conference that Bramble had scheduled for December 29, 2004 was never held. (Compl. ¶ 7(g).)

On January 4, 2005, Bramble sent Frese a letter stating that the Appeals Office could not consider Plaintiff's offer in compromise until he had filed his 2003 tax return and provided a collection information statement verifying his assets and liabilities. (1/4/05 Letter from Bramble, attached to Compl. at Ex. F.)  In other words, before the Appeals Office may consider an offer in compromise, the taxpayer must be in full filing

compliance and provide specific financial information.  Bramble wrote that he would schedule a face-to-face hearing with Frese to discuss an offer in compromise if Frese filed his 2003 income tax return and provided the collection information statement by January 31, 2005.  (1/4/05 Letter from Bramble, attached to Compl. at Ex. F.)

In that same letter, Bramble also attempted to clarify some of Frese's misconceptions about the Internal Revenue Code. (See 1/4/05 Letter from Bramble, attached to Compl. at Ex. F.)  First, Bramble explained that Frese's 2000 and 2001 wages were taxable as income.  Second, Bramble assured Frese that the requirements of the law had been met with respect to Frese's case.  In accordance with established law, policy and procedure, the IRS had issued: (1) a valid assessment, (2) a notice of deficiency and demand, and (3) a notice of intent to levy informing Frese of his right to a CDP hearing.  Bramble enclosed copies of the deficiency notices for 2000 and 2001 and a copy of transcripts of Frese's account showing when the assessment was made and when the notice and demand had issued.  Third, Bramble reminded Frese that the Appeals Office could not consider Frese's underlying tax liability at any CDP hearing because Frese previously received the statutory notice of deficiency relating to that income tax liability, but he failed to file a timely petition with the Tax Court to dispute that liability.  Finally, Bramble explained that he would not recuse himself from Frese's case because Bramble had no previous involvement in the matter prior to Frese's request for a CDP hearing.

On January 9, 2005, Frese sent Bramble another letter, in which he reiterated his statutory right to a face-to-face hearing; however, Frese did not file his 2003 tax return or

provide the collection information statement by January 31, 2005.  (1/9/05 Letter from Frese, attached to Compl. at Ex. G.)  Consequently, on March 3, 2005, the IRS issued two Notices of Determination finding that the notice of intent to levy was appropriate with regard to both the underlying income tax liability and the frivolous return penalties.  (Notices of Intent to Levy, attached to Compl. at Ex. A, B.)  The Notice of Determination pertaining to the income tax liability notified Frese that if he wanted to dispute the income tax deficiency, he would have to petition the United States Tax Court within thirty days from the date of the notice. (Notice of Intent to Levy, attached to Compl. at Ex. B.)   By contrast, the Notice of Determination pertaining to the imposed civil penalties informed Frese that if he wanted to dispute the civil penalties, he had thirty days from the date of the notice to file a Complaint in an appropriate United States District Court.  (Notice of Intent to Levy, attached to Compl. at Ex. A.)

Frese then filed his Complaint in this Court on April 1, 2005, seeking to invalidate the IRS' determination regarding the imposed frivolous return penalties.  Frese alleges the determination was invalid because the IRS issued it without granting Frese the CDP hearing that he had timely requested.  As a result, Frese seeks an order (1) remanding the CDP hearing, (2) providing him with an impartial appeals officer and all of the documentation he requested in his CDP hearing request, and (3) awarding him the costs of bringing this appeal.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.[1] Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Nevertheless, when deciding a motion to dismiss, the Court need not credit a complaint's conclusory allegations or legal conclusions masquerading as factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (citing Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

Furthermore, where the plaintiff is proceeding pro se, the plaintiff's complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers. Haines

---

[1] Where a plaintiff relies upon separate documents in the complaint and attaches those documents as exhibits to the complaint, the Court may properly consider the relied upon documents when analyzing a motion to dismiss. Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."). Here, Frese attached several exhibits to his complaint which will be considered in deciding the Defendant's motion to dismiss.

v. Kerner, 404 U.S. 519, 520 (1972).  However, even a pro se plaintiff, like Mr. Frese, must still plead the essential elements of his claim and is not ordinarily excused from conforming to standard procedural rules.  See McNeil v. United States, 508 U.S. 106, 113 (1993).

### III. DISCUSSION

The present motion seeks dismissal of Frese's Complaint on the grounds that it fails to state a claim upon which relief can be granted.  The Defendant asserts two grounds for dismissal.  First, the Defendant argues that Frese was not entitled to the documentation that he requested in his CDP hearing request, and thus, his demand for that documentation is a frivolous claim subject to dismissal.  Second, the Defendant contends that contrary to Plaintiff's assertions, Frese is not entitled to a face-to-face CDP hearing.  Rather, the correspondence between Frese and the IRS was sufficient to constitute a fair CDP hearing.  Therefore, the Defendant argues that Frese's claim that he was denied a CDP hearing has no merit and the Appeals Office was justified in approving the proposed levy.  For the reasons discussed below, the Court will grant the Defendant's motion.

**A. Jurisdiction and Applicable Internal Revenue Code Provisions**

Under 26 U.S.C. § 6702, the IRS may impose a civil penalty in the amount of $500.00 against any taxpayer who files a purported income tax return which either (1) does not contain "information on which the substantial correctness of the self-assessment" can be judged, or (2) "contains information that on its face indicates that the self-assessment is substantially incorrect" and based upon "a position which is frivolous."  26

U.S.C. §6702(a).  Subject to the provisions in 26 U.S.C. § 6330, the IRS may begin collection activity once it has assessed a penalty pursuant to § 6702.  The permissible collection activity includes filing liens and levies against an individual's property.

Section 6330 outlines the rights and procedures associated with the imposition of a tax levy.  Under § 6330, a taxpayer is entitled to written notice of the IRS' intent to levy, as well as written notice of the right to a hearing before the IRS Appeals Office prior to the imposition of any such levy. See 26 U.S.C. § 6330(a)(1).  During the Appeals Office hearing, the taxpayer may raise any relevant issue related to the unpaid tax or proposed levy, including offers of collection alternatives. 26 U.S.C. §6330(c)(2)(A).  However, the taxpayer may only challenge the underlying tax liability at the Appeals Office hearing if the individual did not previously have an opportunity to dispute such tax liability. 26 U.S.C. §6330(c)(2)(B).

In turn, the IRS Appeals Officer must verify that all applicable laws and procedures have been followed, and he must consider any relevant arguments or challenges raised by the taxpayer. 26 U.S.C.§ 6330(c)(3).  The Appeals Officer must then weigh "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C).  Based on these considerations, the Appeals Officer will issue a final determination regarding a proposed tax levy.

Section 6330 also provides for judicial review of the final determination of the

Appeals Officer. Within thirty days of the final determination, the taxpayer may appeal such determination to the United States Tax Court, or if the Tax Court does not have jurisdiction of the underlying tax liability, to a United States District Court. 26 U.S.C. § 6330(d)(1). The United States Tax Court has jurisdiction over income, estate, and gift taxes; however, the Tax Court has determined that it does not have jurisdiction over frivolous return penalty assessments imposed pursuant to 26 U.S.C. § 6702. See Jones v. Liberty Glass Co., 332 U.S. 524, 526 (1947) (Tax Court has jurisdiction over deficiencies in income, estate, gift taxes); Moore v. Comm'r, 114 T.C. 171, 175 (2000) (same); Van Es v. Comm'r, 115 T.C. 324, 328-29 (2000) (Tax Court does not have jurisdiction over frivolous return penalties). Therefore, appeals that relate to frivolous return penalties must be brought in U.S. District Court, and appeals that relate to any underlying income tax deficiency must be brought in the U.S. Tax Court. See Little v. United States, No. 1:04CV00406, 2005 WL 2989696, at *3 n. 1 (M.D.N.C. Nov. 7, 2005) (district court has jurisdiction over frivolous penalty appeal); Gillett v. United States, 233 F. Supp. 2d 874, 882 (W.D. Mich. 2002) (Tax Court does not have jurisdiction over frivolous penalty appeal); U.S. v. Summers, 254 F. Supp. 2d 589, 595 (E.D. Pa. 2003) (relying upon Hart v. IRS, No. Civ. A. 00-4658, 2001 WL 393600, at *1 (E.D. Pa. Feb. 8, 2001), aff'd, 281 F.3d 221 (3d Cir. 2002)) (Tax Court has exclusive jurisdiction over appeal relating to income tax liability); Lemieux v. United States, 230 F. Supp. 2d 1143, 1145 (D. Nev. 2002) ("Tax Court does not have jurisdiction to consider frivolous return penalties"). If a court determines that the appeal was brought in the wrong court, a taxpayer shall have

thirty days after the court determination to file the appeal with the correct court. 26 U.S.C. § 6330(d)(1).

Here, the Plaintiff's Complaint states that this appeal is a challenge to the IRS Notice of Determination upholding the imposition of frivolous return penalties pursuant to § 6702. (See Compl. ¶¶ 2, 3.)  In this kind of appeal, the penalty itself is considered the underlying tax liability. Little, 2005 WL 2989696, at *3; Gillett, 233 F. Supp. 2d at 883; Lemieux, 230 F. Supp. 2d at 1145.  In other words, the assessment at issue is the $500 frivolous penalty and not the underlying deficiency in Frese's income tax returns. Because Frese did not have a prior opportunity to dispute the assessment of the frivolous return penalties, the assessment of the penalty itself was properly before the Appeals Office for review.[2]  See 26 U.S.C. § 6330(c)(2)(A).  Similarly, because Frese's Complaint states that this is an appeal of the IRS determination regarding frivolous return penalties, this Court has jurisdiction to hear the appeal. See Van Es, 115 T.C. at 328-29; Little, 2005 WL 2989696, at *3 n.1. To the extent that the Plaintiff's pro se Complaint contains any allegations regarding the IRS determination pertaining to his underlying income tax deficiencies, this Court does not have subject matter jurisdiction over those claims, and

---

[2] Although Frese did not have a prior opportunity to dispute the assessment of the frivolous return penalties, he did have a prior opportunity to dispute the underlying income tax deficiency. (See Notices of Deficiency, attached to Compl. at Ex. F.)  The deficiency notices provided Frese with a 90 day period to petition the Tax Court with a challenge to the underlying income tax liability.  Because Frese had that prior opportunity to petition the Tax Court regarding the underlying income tax deficiency, the Appeals Office could not consider that income tax deficiency during a CDP hearing. 26 U.S.C. §6330(c)(2)(B).  Moreover, the district court would lack jurisdiction to hear any appeal related to the income tax deficiency because the Tax Court has exclusive jurisdiction over that kind of appeal. See 26 U.S.C. § 6330(d)(1); Summers, 254 F. Supp. 2d at 595.

they must therefore be dismissed.

### B.  Frese's CDP Hearing and Requested Documentation

#### 1.  Requested Documentation

In his Complaint, Frese requests an order from this Court directing the Defendant to provide Frese with all the documentation he previously asked for in his CDP hearing request.  However, the Defendant argues, and the Court agrees, that the IRS has provided the information that it is required to provide, and it has no obligation to furnish any of the other information that Frese requests.  The documents attached to Plaintiff's Complaint demonstrate that prior to issuing its Notice of Determination regarding the proposed levy, the IRS provided Frese with: (1)  a written notice of deficiency, (2) written notice of intent to levy in no less than 30 days, (2) written notice of Frese's right to request a CDP hearing, (3) an impartial Appeals Officer with no prior involvement in Frese's case, (4) transcripts of Frese's account demonstrating when assessments were made and when notice and demand were issued, and (5) an opportunity to raise relevant issues.

Frese's requests for other documentation are meritless because the IRS has no duty to produce such materials.  In particular, the illegitimate requests include demands for oaths of office, pocket commissions, job descriptions, delegation orders and authorizations, Treasury regulations, and statutes relating to the underlying tax and penalty.  See Roberts v. Comm'r, 329 F.3d 1224, 1228 (11th Cir. 2003) (noting that § 6330 (c)(1) does not require the Appeals Officer to provide the taxpayer with a copy of the verification that the requirements of the applicable statutes or regulations have been

met); Van Gaasbeck v. United States, No. CV-S-03-0089-KJD, 2004 WL 541369, at * 2 (D. Nev. Jan. 29, 2004) (citations omitted) (noting the "patently meritless" nature of arguments based upon the IRS' alleged failure to provide: (1) delegation orders or authority, (2) Treasury regulations imposing a duty on taxpayers to pay penalties, (3) documentation supporting imposition of the penalties at issue, (4) statutes imposing the underlying tax liability, or (5) verification from the Secretary of the Treasury that all applicable laws and procedures have been followed); Ray v. United States, No. 04-0420-CV-W-ODS, 2004 WL 2284282, at *2 (W.D. Mo. Aug. 30, 2004) (stating that there is no requirement that the taxpayer receive documentation at a CDP hearing that supports the imposition of penalties); Barnett v. United States, No. 2:01-CV-526-FTM29SPC, 2003 WL 21995489, at *4-5 (M.D. Fla. Aug. 25, 2003) (stating that the IRS is not required to provide taxpayer with a copy of the delegated authority, nor a copy of the statutes or regulations relating to the penalty); Rennie v. Internal Revenue Serv., 216 F. Supp. 2d 1078, 1082 (E.D. Cal. 2002) (finding that there is no requirement that the IRS produce the Treasury regulation that authorizes imposition of penalties or to publish the internal delegations of administrative authority to enforce the Internal Revenue Code); Gunselman v. Comm'r, 85 T.C.M. (CCH) 756 (2003) (no violation where Appeals Officer failed to produce pocket commissions).

Therefore, because the IRS has no obligation to produce the documentation that Frese requests, the Court will grant the Defendant's motion to dismiss the portion of the Complaint which seeks production of those documents.

2.  CDP Hearing

Aside from the request for documentation, Frese's primary allegation in the Complaint is that the IRS issued its Notice of Determination without ever providing Frese with the CDP hearing he timely requested.  Frese therefore requests a new CDP hearing and invalidation of the Notice of Determination issued by the Appeals Office.  In contrast, the Defendant argues in its motion to dismiss that (1) Frese is not entitled to a face-to-face hearing, and (2) in this context, the correspondence between Frese and Bramble *was* the CDP hearing.  More specifically, the Defendant asserts that even though Frese was offered a face-to-face hearing, he failed to satisfy the prerequisites for such a hearing by not filing his 2003 tax return or the necessary forms related to an offer in compromise.  Therefore, the Defendant contends that the correspondence itself was the CDP hearing, and the Appeals Officer properly approved the proposed levy based upon a review of the correspondence and Frese's case file.

As a preliminary matter, the Defendant is correct in asserting that Frese is not entitled to a face-to-face CDP hearing.  The relevant Treasury regulations provide that CDP hearings are "informal in nature and do not require the Appeals Officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting." 26 C.F.R. § 301.6330-1(d)(2), A-D6.  Rather, a hearing "may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals Officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." Id.  However, Frese's Complaint does not specifically demand a

face-to-face hearing.  Instead, the Plaintiff argues more generally that the Appeals Office issued its determination "without ever conducting the hearing that Plaintiff had requested and to which he was entitled, by law, to have." (Compl. ¶ 3).  Indeed, in his Opposition to the Motion to Dismiss, Frese maintains that he has "not partaken in ANY hearing whatsoever." (Pl. Opp. at 2.)  Therefore, the critical issue for the Court is whether the correspondence between Bramble and Frese was sufficient to serve as the CDP hearing requested by Frese and required by § 6330(b).

Based upon the factual materials presented in the Complaint and the documents attached thereto, Frese has not alleged a claim that might warrant remand of the CDP hearing or invalidation of the IRS' determination on the proposed levy.  First, the relevant Treasury regulations and IRS guidelines demonstrate that Appeals Officer Bramble followed the law and applicable procedures in denying Frese a face-to face hearing and relying upon correspondence to satisfy the hearing requirement.  As mentioned above, the regulations provide that a CDP hearing need not be a face-to-face meeting, but rather, may consist of written or telephonic correspondence, or some combination thereof. 26 C.F.R. § 301.6330-1(d)(2), A-D6.  In addition, the Associate Chief Counsel of the IRS has issued a formal notice providing guidance as to when an Appeals Officer should provide a face-to-face hearing.  The notice states in relevant part:

> A face-to-face conference serves no useful purpose if the taxpayer has no intention of discussing relevant issues, or if the taxpayer wishes to use the conference as a forum to espouse only frivolous and groundless arguments. . . . Accordingly, in cases where the CDP hearing request raises only frivolous and groundless arguments, Appeals will contact the taxpayer to ask the taxpayer to state what relevant issues the taxpayer would like to

> address at the hearing. If the taxpayer fails to respond or responds only with additional frivolous and groundless arguments, the taxpayer will not be offered a face-to-face conference. The taxpayer will instead be provided a CDP hearing through telephone conferences, written correspondence, or some combination thereof. If the taxpayer responds with specificity that the issues to be discussed are valid collection alternatives or other nonfrivolous issues pertaining to the lien or levy, then a face-to-face conference will be offered to the taxpayer.

I.R.S. Notice CC-2003-01 (Sept. 11, 2003). In the present case, Appeals Officer Bramble followed these procedures exactly. After receiving Frese's CDP request, which contained only frivolous or irrelevant demands, Bramble contacted Frese and asked him to state the relevant issues he intended to address at the hearing. (12/3/04 Letter from Bramble, attached to Compl. as Ex. D.) When Frese responded that he wanted a face-to-face hearing to propose an offer in compromise, Bramble replied that such a hearing would be provided as long as Frese complied with his filing requirements by submitting a 2003 income tax return and providing specific information relating to his financial status. (1/4/05 Letter from Bramble, attached to Compl. at Ex. F.); see <u>Burton v. C.I.R.</u>, T.C. Memo. 2003-16, 2003 WL 1918918, at * 2 (U.S. Tax Ct. Apr. 22, 2003) (noting that an offer in compromise "cannot be considered until the taxpayer is in full compliance with all filing requirements and submits detailed financial information"). When Frese failed to file his 2003 return and failed to provide specific information regarding his financial status that might demonstrate the validity of his purported offer in compromise, Bramble appropriately did not provide a face-to face conference. Because the offer in compromise could not be considered, and because Frese had not raised any other relevant issue, a face-to-face hearing was not warranted. <u>See</u> 26 C.F.R. § 301.6330-1(d)(1), A-D6; I.R.S. Notice

CC-2003-01 (Sept. 11, 2003).

Second, relevant case law provides that, in this kind of situation, the correspondence between the taxpayer and the Appeals Officer constitutes a fair CDP hearing and justifies the issuance of a final determination based upon the correspondence and the taxpayer's case file. See Cobin v. United States, No. 6:04-2455-HFF-BHH, 2005 WL 2200550, at *6 (D.S.C. June 22, 2005) (report and recommendation adopted by Cobin v. United States, No 6:04-2455-HFF-BHH, 2005 WL 2195384 (D.S.C. July 29, 2005)); Quigley v. United States, 358 F. Supp. 2d 427, 431-32 (E.D. Pa. 2004); see also Allglass Systems, Inc. v. Comm'r of Internal Revenue, 330 F. Supp. 2d 540, 545 (E.D. Pa. 2004) (combination of telephone and written correspondence sufficient to constitute CDP hearing where taxpayer continually raises frivolous arguments); Loofborrow v. Comm'r of Internal Revenue Serv., 208 F. Supp. 2d 698, 707 (S.D. Tex. 2002) (written correspondence sufficient to constitute CDP hearing where face-to-face conference would be futile). Although Allglass is slightly different from the present case in that the taxpayers there participated in a phone conference with an Appeals Officer, and Loofborrow is factually different from Frese's case in that the Loofborrow taxpayer did not suggest an offer in compromise, both cases confirm the proposition that correspondence either by phone or writing, or both, may constitute a CDP hearing. See Allglass, 330 F. Supp.2d at 545; Loofborrow, 208 F. Supp. 2d at 707.

Moreover, the facts of Cobin and Quigley are virtually identical to the facts presented in Plaintiff's Complaint, and in both of those cases, the court found that the

taxpayer had been provided a fair CDP hearing. In Cobin and Quigley, the taxpayers failed to pay their full income tax for various tax years. Cobin, 2005 WL 2200550, at *1-2; Quigley, 358 F. Supp. 2d at 428. The IRS then issued notices of deficiency, imposed frivolous return penalties, and sent a notice of intent to levy. Cobin, 2005 WL 2200550, at *1-2; Quigley, 358 F. Supp. 2d at 428-29. In each case, the taxpayer then demanded a face-to-face CDP hearing and raised frivolous arguments in his request. Cobin, 2005 WL 2200550, at *2; Quigley, 358 F. Supp. 2d at 428-29. The IRS Officers in both cases subsequently informed the taxpayer that only relevant issues such as collection alternatives could be raised at the hearing, and that to raise such an alternative, the taxpayer would have to file all outstanding income tax returns along with a collection information statement. Cobin, 2005 WL 2200550, at *2; Quigley, 358 F. Supp. 2d at 429. When the taxpayers in Cobin and Quigley failed to file the necessary documentation, the IRS Officers in each case issued a final notice of determination approving the levy to collect the outstanding penalties. Cobin, 2005 WL 2200550, at *3; Quigley, 358 F. Supp. 2d at 429. In both Cobin and Quigley, the court found that the Notice of Determination was valid and that the correspondence between the taxpayer and the Appeals Officer constituted a fair hearing. Cobin, 2005 WL 2200550, at *6; Quigley, 358 F. Supp. 2d at 431-32.

Like the Appeals Officers in Cobin and Quigley, Appeals Officer Bramble provided Frese with an opportunity to raise relevant issues, and when Frese suggested an offer in compromise, Bramble informed him that he could have a face-to-face hearing on

that issue if Frese complied with his filing requirements and provided the necessary financial information.  When Frese failed to satisfy his filing requirements, Bramble properly followed procedure and issued a final determination based on the correspondence and case file.  Therefore, like the taxpayers in <u>Quigley</u> and <u>Cobin</u> (and the taxpayers in <u>Allglass</u> and <u>Loofborrow</u>), Frese received a fair hearing via correspondence.

Overall, despite the Plaintiff's conclusory allegation that he was denied a CDP hearing, the undisputed factual allegations in Plaintiff's Complaint and the exhibits thereto establish that Frese received a fair CDP hearing.  In light of the relevant case law, regulations, and administrative procedures, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.  As a result, the Court will grant Defendant's motion to dismiss Plaintiff's claims for remand of the CDP hearing and invalidation of the IRS' Notice of Determination regarding the levy to collect civil penalties.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  The accompanying Order shall issue today.


Dated:  _____1-30-06_____            s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge